IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHIRLEY RANOLLS, INDIVIDUALLY AND AS A REPRESENTATIVE OF THE ESTATE OF APRIL DAWN RANOLLS, DECEASED | § § § § § | |
| VS. | § § | Civil Action No.: 1:15-cv-00111 |
| ADAM DEWLING, ET AL | § § | |

## DEFENDANTS ADAM DEWLING, TANKSTAR USA, INC., ROGERS CARTAGE, CO., AND BULK LOGISTICS, INC.,'S MOTION TO DESIGNATE PILOT TRAVEL CENTERS LLC d/b/a PILOT FLYING J AND THE STATE OF TEXAS AS RESPONSIBLE THIRD PARTIES

COMES NOW, Defendants, Adam Dewling, Tankstar USA, Inc., Rogers Cartage, Co., and Bulk Logistics, Inc., ("Defendants"), and files this, their Motion to Designate Pilot Travel Centers LLC d/b/a Pilot Flying J and the State of Texas as Responsible Third Parties, and would show the Court as follows:

## I.
## BACKGROUND

1.     This lawsuit stems from an accident involving Adam Dewling and April Dawn Ranolls, which occurred on Monday, March 9, 2015, at approximately 6:00 a.m.  The accident took place in front of the Pilot Truck Stop located at 2205 TX Hwy. 62 in Orange, Texas.  This truck stop is owned and operated by Pilot Travel Centers LLC d/b/a Pilot Flying J, ("Pilot"), a privately held limited liability company headquartered in Knoxville, Tennessee. The accident occurred as Dewling was exiting the Pilot Truck Stop while Ranolls was traveling southbound on Hwy. 62.

2.       Dewling was entering the roadway from the Pilot Truck Stop, heading north when Ranolls' truck struck the tanker.  Ranolls died instantly as a result of the accident.  Plaintiff Shirley Ranolls filed her Second Amended Original Petition against Defendants alleging wrongful death, survival claims, negligence, and gross negligence.  Intervenor-Plaintiff Barbara Hogan also filed claims against Defendants for negligence and gross negligence.  All events made subject of this lawsuit took place on Hwy 62 in Orange, Texas.

**II.**
**ARGUMENT/AUTHORITY**

**A.      Texas Law Applies to the Case at Bar.**

3.       According to the standards promulgated by the Supreme Court of the United States, a federal court presiding over a diversity action must apply the substantive law of the forum state.  *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938); *see also Rosenberg v. Celotex Corp.*, 767 F.2d 197, 199 (5th Cir. 1985).  There is no debate between the parties that this is a diversity action and that Texas is the forum state.  Thus, Texas law regarding responsible third parties should be applied in this action.

**B.      Pilot and the State of Texas Both Meet the Statutory Requirements to Be a Responsible Third Party.**

3.       A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person if said motion is filed on or before the 60th day before trial is set to commence.  TEX. CIV. PRAC. & REM. CODE §33.004(a) (Vernon 2003).  Under the Court's Second Amended Scheduling Order, new parties to the suit shall be joined, without leave of Court, by January 11, 2016.  *See* Second Amended Scheduling Order attached as **Exhibit A**. This Motion to designate responsible third parties without leave of Court is therefore timely.

4.      The Texas Civil Practice and Remedies Code defines a responsible third party as any person, corporation, organization, or other legal entity that is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought. TEX. CIV. PRAC. & REM. CODE §33.011(6).  Pilot qualifies as such a responsible third party.  Specifically, Pilot negligently placed the truck stop entrance at a location that was clearly hazardous to both drivers attempting to enter/exit the truck stop as well as to the oncoming traffic of Highway 62. Social media following the death of Ms. April Ranolls demonstrates that this truck stop is viewed as a hazard by the local community of Orange, Texas.  *See* Change.org Letter to the Department of Transportation attached hereto as **Exhibit B**.  Pilot's negligence is a proximate cause of the injuries and damages to Plaintiff or Intervenor, if any.

5.      In addition to the hazardous location of Pilot's entrance/exit, Pilot failed to provide sufficient lighting for traffic approaching the truck stop.  Further, Pilot failed to provide sufficient warning to the vehicles entering/exiting the truck stop regarding the oncoming traffic of Highway 62.  Given the known danger, Pilot had a duty to warn its patrons to exercise extreme caution in entering and/or exiting the truck stop.  Pilot breached this duty and its negligence is a proximate cause of the injuries and damages to Plaintiff or Intervenor, if any. Accordingly, Pilot is a proper responsible third party to this litigation.

6.      The State of Texas is also a proper responsible third party.  The State of Texas is a responsible third party for failing to provide a traffic signal at the Pilot truck stop entrance/exit. The State of Texas knew or should have known of the dangerous traffic levels at this location. Indeed, this area is a known hazard in the Orange community.  **Exhibit B**.  Given the hazardous location of the entrance/exit with regards to the oncoming traffic from the highway, a reasonable safety measure would be a traffic signal at this location.  Additionally, the State of Texas failed

-3-

to provide sufficient lighting along the highway where the truck stop is located, given the dangerous condition of this location.   These acts and/or omissions were a violation of the duty the State of Texas owes the general public and the breaches of these duties were a proximate cause of the injuries and damages to Plaintiff or Intervenor, if any.   Accordingly, the State of Texas is a proper party to this litigation.

## PRAYER

For the foregoing reasons, Defendants Adam Dewling, Tankstar USA, Inc., Rogers Cartage, Co., and Bulk Logistics, Inc., respectfully designate Pilot Travel Centers LLC d/b/a Pilot Flying J and the State of Texas for any further relief, either general or specific, at law or in equity to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

**JOHNSON, TRENT, WEST & TAYLOR, L.L.P.**

By:___*/s/ Raphael C. Taylor*_____
        Raphael C. Taylor
        State Bar No. 00788514
        919 Milam, Suite 1700
        Houston, Texas 77002
        (713) 222-2323 – Telephone
        (713) 222-2226 – Facsimile
        rtaylor@johnsontrent.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS ADAM DEWLING, TANKSTAR USA, INC., ROGERS CARTAGE, CO., AND BULK LOGISTICS, INC.**

OF COUNSEL:

Francis McWilliams
State Bar No. 24076551
919 Milam, Suite 1700
Houston, Texas 77002
(713) 222-2323 – Telephone
(713) 222-2226 – Facsimile
fmcwilliams@johnsontrent.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon the following in accordance with the Federal Rules of Civil Procedure on this 11th day of January 2016.

| | |
|---|---|
| Steve Waldman | *Via ECF* |
| TERRY BRYANT, PLLC | |
| 8584 Katy Freeway, Suite 100 | |
| Houston, Texas 77024 | |
| | |
| Mitchell A. Toups | *Via ECF* |
| WELLER, GREEN, TOUPS & TERRELL, LLP | |
| 2615 Calder, Suite 400 | |
| Beaumont, Texas 77704-0350 | |
| | |
| Gregory K. Evans | *Via ECF* |
| LAW OFFICES OF GREGORY K. EVANS | |
| 3900 Essex Lane, Suite 690 | |
| Houston, Texas 77027 | |

_____ */s/ Raphael C. Taylor* _____
Raphael C. Taylor

482168