# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| SHIRLEY RANOLLS, INDIVIDUALLY § <br> AND AS A REPRESENTATIVE OF THE § <br> ESTATE OF APRIL DAWN RANOLLS, § <br> DECEASED § <br> § <br> VS. § <br> § <br> § <br> ADAM DEWLING, ET AL. § | | Civil Action No. <br> 1:15-cv-00111 |

## INTERVENOR-PLAINTIFF RHONDA RENEE HOGAN'S
## OBJECTION TO AND RESPONSE IN OPPOSITION TO DEFENDANTS'
## MOTION TO DESIGNATE RESPONSIBLE THIRD PARTIES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Intervenor-Plaintiff, Rhonda Hogan, in the above-entitled and numbered cause, and files this Objection to and Response in Opposition to Defendants Adam Dewling; Tankstar USA, Inc.; Rogers Cartage, Co.; and Bulk Logistics, Inc.'s Motion to Designate Pilot Travel Centers LLC D/B/A Pilot Flying J and The State of Texas as Responsible Third Parties. Intervenor-Plaintiff would respectfully show this Honorable Court as follows:

1.  Tex. Civ. Prac. & Rem. Code §33.004(d) states:

    (d) A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

2.  Claims against the State of Texas are subject to the Tort Claims Act, Tex. Civ. Prac. & Rem. Code, Chapter 101. That Act includes a requirement that the state, or the "governmental unit" being sued, be given "...notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred."[1] Notice is a jurisdictional requirement, and in its absence, there is no right to bring a claim.[2] In a Tort Claims Act case, there are actually two effective deadlines, both of which must be met in order to bring an action – notice and limitations. Defendants raised their Responsible Third Party action more than six months after the incident, thus making it impossible for Plaintiffs to bring an action against the State of Texas. The Court should apply Tex. Civ. Prac. & Rem. Code §33.004(d) to deny Defendants such designation. If the letter of §33.004(d) does not apply to the facts before the Court, principles of laches apply. In *Withers v. Schneider National Carriers, Inc.,* the Marshall Court discussed at length the disclosure obligations under Texas and federal law, and the effect of waiting until after a Plaintiff could assert a remedy against a third party before disclosing an allegation that such third party was at fault; the Court did not permit the designation.[3]

3.  Further, the State of Texas is not a proper "Responsible Third Party" under Texas law, and it cannot be so designated. Tex. Civ. Prac. & Rem. Code §33.011(6) states the definition of "Responsible Third Party" as follows:

---

[1] Tex. Civ. Prac. & Rem. Code §101.101(a).
[2] *University of Texas Southwestern Medical Center at Dallas v. Estate of Arancibia,* 324 S.W.3d 544, 547-548 (Tex. 2010).
[3] 13 F. Supp. 686, 690.

"Responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. The term "responsible third party" does not include a seller eligible for indemnity under Section 82.002.

The State of Texas is, as a matter of statute, immune from liability for any decision relating to the discretionary decision to place a traffic control device:

(a) This chapter does not apply to a claim arising from:

(1) the failure of a governmental unit initially to place a traffic or road sign, signal, or warning device if the failure is a result of discretionary action of the governmental unit...[4]

In the absence of the waiver of sovereign immunity, there is no "applicable legal standard" which can be violated. Therefore, designating the State of Texas as a Responsible Third Party for the absence of a traffic control device is improper.

4. Tex. Civ. Prac. & Rem. Code §33.004(g) provides:

(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:
(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
(2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

As to subsection (g)(1), Defendants failed to "plead sufficient facts concerning the alleged responsibility" of the State of Texas under Tex. R. Civ. Pro. 47, which requires Defendants to state a "cause of action sufficient to give fair

---

[4] Tex. Civ. Prac. & Rem. Code §101.060(a).

notice of the claim involved," because the State of Texas is immune from suit under Tex. Civ. Prac. & Rem. Code. §101.060(a) and did not receive fair notice of the claim required by Tex. Civ. Prac. & Rem. Code §101.101(a). As to subsection (g)(2), this Court should not grant Defendants leave to replead because it is not possible "to plead sufficient facts concerning the alleged responsibility" of the State of Texas, which is immune from suit, and even if it were not immune from suit, the notice requirement under the Texas Tort Claims Act cannot be satisfied.

5.  For the above reasons, Defendants' Motion as to the State of Texas should be denied.

Respectfully submitted,

**TERRY BRYANT PLLC**

_/s/ Steve Waldman_

**Steve Waldman**
SBT No. 20679550
swaldman@terrybryant.com
8584 Katy Freeway, Suite 100
Houston, Texas 77024
(713) 973-8888
(713) 973-1188 (Facsimile)
**ATTORNEYS FOR
INTERVENOR-PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this instrument has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this the 21st day of January, 2016.

_____
STEVE WALDMAN