IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHIRLEY RANOLLS, INDIVIDUALLY AND AS A REPRESENTATIVE OF THE ESTATE OF APRIL DAWN RANOLLS, DECEASED | § § § § § | |
| VS. | § § § | Civil Action No.: 1:15-cv-00111 |
| ADAM DEWLING, ET AL | § § | |

## DEFENDANTS ADAM DEWLING, TANKSTAR USA, INC., ROGERS CARTAGE, CO., AND BULK LOGISTICS, INC.,'S REPLY TO INTERVENOR'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DESIGNATE RESPONSIBLE THIRD PARTIES

COMES NOW, Defendants, Adam Dewling, Tankstar USA, Inc., Rogers Cartage, Co., and Bulk Logistics, Inc., ("Defendants"), and files this, their Reply to Intervenor Rhonda Hogan's ("Hogan") Response in Opposition to Defendants' Motion to Designate Responsible Third Parties, and would show the Court as follows:

### I.
### ARGUMENT/AUTHORITY

**A.   Responsible Third Parties may include parties which a plaintiff is unable to sue.**

1.   It is well established that responsible third parties designated under Section 33.004 of the Texas Civil Practice and Remedies Code are not limited to those who can be joined as parties to the litigation. *PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, 923 F. Supp. 2d 961, 980 (S.D. Tex. 2013). Section 33.004 enables a defendant to name another party as being responsible without being made a party to the suit in order to allow proper allocation of fault among both the named defendants and those persons designated as responsible third parties. *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014); *Werner v.*

*KPMG,* 415 F.Supp.2d 688, 692 (S.D.Tex.2006). Under Section 33.004, responsible third parties "may be persons or entities outside the court's jurisdiction, *unable to be sued by the plaintiff,* or even unknown." *PEMEX Exploracion* at 980 (emphasis added) citing *In re Unitec Elevator Services Co.,* 178 S.W.3d 53, 58 n. 5 (Tex.App.- -Houston [1st Dist.] 2005, no pet.); TEX. CIV. PRAC. & REM. CODE §§ 33.004(j)-(k).

2. Intervenor's Response confuses third party designation with third party joinder. Defendants merely designated the State of Texas as a responsible third party in this lawsuit. Assuming, arguendo, that Plaintiff or Intervenor could not join Texas in this lawsuit, Defendants may still designate Texas as a responsible third party in order to allocate fault. *PEMEX Exploracion* at 980; *Withers* at 688 (holding that "§ 33.004 exists to allow proper allocation of fault among both the named defendants and those persons designated as responsible third parties, rather than to govern the procedures by which third-parties may be brought into the case...").

3. Indeed, courts have held that because a finding of fault against a person designated as a responsible third party does not impose liability on that person and cannot be used in any other proceeding as a basis to impose liability, the Section 33.004 "is not a joinder statute and does not conflict with any procedural mechanisms that would join a party to a suit in federal court." *Mesina v. Walgreen's,* No. SA15-CV-054-DAE, 2015 WL 2151854, at *1 (W.D. Tex. May 7, 2015). Even if Plaintiff or Intervenor could not join the State of Texas as a defendant in this suit because of the notice and limitations provisions of the Tort Claims Act, as Hogan asserts in her Response, this would have no effect on Defendants' designating Texas as a responsible third party.

### B. Hogan's reliance on *Withers* is misplaced.

4. Hogan relies heavily on *Withers v. Schneider Nat'l Carriers, Inc.*, in support of her argument that Section 33.004(d) precludes Defendants from designating the State of Texas as a responsible third party. *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014). Hogan asserts that the Court in *Withers* held that under Section 33.004(d) a defendant may not designate a responsible third party if the statute of limitations for the plaintiff to file a claim against the third party has concluded.[1] Hogan asserts that the limitations period has expired to file a claim against the State of Texas under the Tort Claims Act, therefore Section 33.004(d) bars Defendants' responsible third party designation of Texas because it was not timely.

5. *Withers* does not stand for such a bright-line principle. In that case, the Court did analyze whether the defendant's third party designation was timely under Section 33.004(d) and concluded it was not under that set of circumstances. The defendant in *Withers* waited more than two years to designate the responsible third party at issue, after discovery had closed and with the trial date only two months away. *Withers* at 690-91. The court in *Withers* found that allowing a third party designation under those circumstances would unfairly advantage the defendant who could now shift the liability to the judgment-free third party and force the plaintiff to defend an "empty chair" at trial. *Id.*

---

[1] Section 33.004(d) instructs the Court to consider "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure."

6. Most importantly, the court made clear the issue of timeliness in designating a responsible third party under Section 33.004(d) must be made in light of the facts and circumstances of a particular case and not by a bright-line rule:

> To be clear, by this holding the Court does not purport to announce a general rule that all disclosures made after the applicable statute of limitations have expired must be deemed untimely for purpose of § 33.004(d). § 33.004(d) must be applied in those circumstances as the facts of each case require. Timeliness is determined in every trial court on a case by case basis.

*Id.* As the Court in *Withers* clearly states, Section 33.004(d) does not automatically prevent a defendant from designating a responsible third party after the statute of limitations bars a plaintiff from filing a claim against the responsible third party. *Id.* To the contrary, case law on point establishes that Defendants may designate a responsible third party whom the Plaintiff is unable to sue. *PEMEX Exploracion* at 980

7. The Court in *Withers* held the defendant's responsible third party designation was not timely under Section 33.004(d) after weighing the circumstances of that specific case. The facts and circumstances in the present case are completely different from *Withers*. Discovery does not conclude until June 20th. The final status conference before trial is not until October 12th. Designating Texas as a responsible third party would not give Defendants an unfair advantage, rather, denying such a designation would unfairly disadvantage Defendants at trial.

### C. Defendants pled sufficient facts to satisfy the pleading requirements when designating the State of Texas as a responsible third party.

8. In order to successfully prevent designation of a responsible third party, the burden is on the plaintiffs to establish that the defendant failed to plead sufficient facts regarding the third party's alleged responsibility in order to satisfy the pleading requirement of the Texas Rules of Civil Procedure, and after having been granted leave to replead, the defendant again failed to

plead sufficient facts concerning the alleged responsibility. TEX. CIV. PRAC. & REM. CODE § 33.004(g). Defendants absolutely alleged sufficient facts against the State of Texas to satisfy the pleading requirement. However, even if Defendants failed to plead sufficient facts in their Motion to Designate Responsible Third Parties they must be provided the opportunity to replead. *Id.*

9. Hogan demands in her Response that the Court deny Defendants' designation without granting Defendants leave to replead. This is completely contrary to Section 33.004(g). Hogan cites no authority in support of circumventing the statute in this manner. In fact, the case law demonstrates that even when a defendant's third party designation is "futile" the defendant must still be afforded an opportunity to replead. *In re Smith*, 366 S.W.3d 282, 286 (Tex.App.-Dallas 2012, orig. proceeding). Defendants properly designated the State of Texas as a responsible third party, but even if the Court finds otherwise Defendants should have an opportunity to replead.

10. For the above reasons, Defendants' Motion to Designate the State of Texas as a Responsible Third Party should be granted.

WHEREFORE, PREMISES CONSIDERED, Defendants Adam Dewling, Tankstar USA, Inc., Rogers Cartage, Co., and Bulk Logistics, Inc., pray that the Court grant Defendants' Motion to Designate Responsible Third Parties and that the Court awards all other relief, in law and in equity, to which Defendants are justly entitled.

Respectfully submitted,

**JOHNSON, TRENT, WEST & TAYLOR, L.L.P.**

By: _/s/ Raphael C. Taylor_
    Raphael C. Taylor
    State Bar No. 00788514
    919 Milam, Suite 1700
    Houston, Texas 77002
    (713) 222-2323 – Telephone
    (713) 222-2226 – Facsimile
    rtaylor@johnsontrent.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS ADAM DEWLING, TANKSTAR USA, INC., ROGERS CARTAGE, CO., AND BULK LOGISTICS, INC.**

OF COUNSEL:

Francis McWilliams
State Bar No. 24076551
919 Milam, Suite 1700
Houston, Texas 77002
(713) 222-2323 – Telephone
(713) 222-2226 – Facsimile
fmcwilliams@johnsontrent.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon the following in accordance with the Federal Rules of Civil Procedure on this 2nd day of February 2016.

| | |
|---|---|
| Steve Waldman<br>TERRY BRYANT, PLLC<br>8584 Katy Freeway, Suite 100<br>Houston, Texas 77024 | *Via ECF* |
| Mitchell A. Toups<br>WELLER, GREEN, TOUPS & TERRELL, LLP<br>2615 Calder, Suite 400<br>Beaumont, Texas 77704-0350 | *Via ECF* |
| Gregory K. Evans<br>LAW OFFICES OF GREGORY K. EVANS<br>3900 Essex Lane, Suite 690<br>Houston, Texas 77027 | *Via ECF* |

                          */s/ Raphael C. Taylor*
                          Raphael C. Taylor