IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHIRLEY RANOLLS, INDIVIDUALLY AND AS A REPRESENTATIVE OF THE ESTATE OF APRIL DAWN RANOLLS, DECEASED | § § § § § | |
| VS. | § § | Civil Action No. 1:15-cv-00111 |
| ADAM DEWLING, ET AL. | § § § | Jury Trial Requested |

## RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MOTION FOR PARTIAL SUMMARY JUDGMENT, AND IN FURTHER RESPONSE TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND JOINDER OF PLAINTIFF, SHIRLEY RANOLLS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF APRIL DAWN RANOLLS, DECEASED IN MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW RHONDA RENEE HOGAN (referred to herein as "Hogan" and/or "Intervenor-Plaintiff") and files this Response to Defendants' Supplemental Motion for Partial Summary Judgment filed herein by Defendants Adam Dewling, Tankstar USA, Inc., Rogers Cartage, Co., and Bulk Logistics, Inc., and in further response to Defendants' Motion for Partial Summary Judgment and Joinder of Plaintiff, Shirley Ranolls, Individually and as Representative of the Estate of April Dawn Ranolls, Deceased in Motion for Summary Judgment of Defendants and would respectfully show the Court as follows:

1.  Hogan objects to the summary judgment evidence offered by Defendants as "Exhibit A" and "Exhibit C," as not properly authenticated and therefore hearsay. Hogan only produced copies of text messages. These text messages have not been authenticated as a business record or otherwise, such that they are unauthenticated hearsay without an exception. FED. R. EVID. 803.

2. Hogan objects to the summary judgment evidence offered by Defendants as "Exhibit A" and "Exhibit C," as hearsay as to their content. Specifically as to Ranolls' text messages, these text messages are hearsay without an exception. As to Hogan's text messages, there is no proof that these messages were in fact sent by Hogan. Even if the Court were to view Hogan's text messages as an opposing party statement excluded from hearsay, under FED. R. EVID. 801(d)(2), the probative value of admitting Hogan's text messages without Ranolls' text messages would be substantially outweighed by the unfair prejudice of admitting the messages because the messages cannot be properly construed without the entire context of the conversation between both parties. FED. R. EVID. 403.

3. Hogan objects to the summary judgment evidence offered by Defendants as "Exhibit A" and "Exhibit C," as not proper summary judgment evidence. Neither exhibit is properly authenticated and is therefore hearsay. Both exhibits are also hearsay as to content. Neither exhibit is attested to in any form that makes the content of the messages proper summary judgment evidence. Defendants have failed to offer any admissible evidence or affidavits to contradict the nine affidavits offered by Hogan in her Response in Opposition to Motion for Partial Summary Judgment, attached as "Exhibits A–I" to same. Accordingly, Hogan objects to the admissibility of "Exhibit A" and "Exhibit C," pursuant to FED. R. CIV. P. 56(c)(2), because the contents of these text messages "cannot be presented in a form that would be admissible evidence."

4. Even assuming the Court could consider the exhibits presented by Defendants, there is no "common law divorce" in Texas. Married couples cannot disavow a marital relationship and, by doing so, cause it to cease to exist. Marriages, formal or informal, may only be terminated by death or a court decree. As stated by the Texas Supreme Court:

> The law recognizes a common-law marriage, but a common-law divorce is unknown to Texas law. The marriage arises out of the state of facts; but once the common-law status exists, it, like any other marriage, may be terminated only by death or a court decree. Once the marriage exists, the spouses' subsequent denials of the marriage, if disbelieved, do not undo the marriage.

*Claveria's Estate v. Claveria*, 615 S.W.2d 164, 167 (Tex. 1981) (citing *De Beque v. Ligon*, 292 S.W. 157 (Tex.Comm'n App. 1927, holding approved). A court decree dissolving the common law marriage between Hogan and Ranolls was never entered. Therefore, the common law marriage did not terminate until Ranolls' death on March 9, 2015.

5. Even if post-marriage statements could affect the status of a marriage, which they cannot, a statement in a text message is not an "admission[]" as contemplated by FED. R. CIV. P. 56(c)(1)(A). The U.S. Fifth Circuit Court of Appeals explained that "[p]lainly, Rule 56 means what it says: 'judgment . . . shall be rendered *forthwith* if the . . . ***admissions on file***, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075, (5th Cir. 1994) (citing FED. R. CIV. P. 56(c)) (emphasis added). As to the text messages discussed by Defendants, text messages exchanged between Hogan and Ranolls are extrajudicial communications and as such cannot be considered judicial admissions on file. Accordingly, Hogan objects to the admissibility of "Exhibit A" and "Exhibit C," pursuant to FED. R. CIV. P. 56(c)(2), because the contents of these text messages "cannot be presented in a form that would be admissible evidence."

6. Further, a text message is, absent other proof, only an indication of an electronic communication from an electronic instrument, i.e., a cell phone, at a specific point in time—not a communication from a certain individual.

3

7. "Exhibit A" to Defendants' Supplemental Motion for Partial Summary Judgment contains text messages exchanged between Hogan and Ranolls on September 7, 2014. "Exhibit C" to Defendants' Supplemental Motion for Partial Summary Judgment contains purported text messages exchanged between Hogan and Ranolls between July 24, 2014, and September 7, 2014. Despite any lovers' quarrel between Hogan and Ranolls, the nine affidavits attached to Hogan's Response in Opposition to Motion for Partial Summary Judgment as "Exhibits A–I" establish that Hogan and Ranolls held themselves out as a married couple before and after the purported exchange of these text messages. More importantly, a court decree dissolving the common law marriage was never entered. Specifically, in "Exhibit A," Hogan testified that "April and I had some marital problems toward the end of her life, but we were resolving those problems, and we were healing our marriage, just as many other couples do." In "Exhibit B," April "Jodie" McGee, Ranolls' niece, testified that Hogan and Ranolls spent the night together in November 2014 and attended family Christmas together in December 2014, just three months before the date of the incident that is the subject of this lawsuit, despite Defendants' contention that any relationship between Hogan and Ranolls ended six months prior to the date of the incident. This is the same "Jodie" that Defendants misleadingly attempt to portray as Ranolls' romantic partner based on a July 4, 2014, Facebook post, previously objected to as hearsay in Hogan's Response in Opposition to Motion for Partial Summary Judgment, which appears as "Exhibit B" to Defendants' Motion for Partial Summary Judgment. Thus, not only are these text messages inadmissible, but more importantly these text messages cannot as a matter of law prove that Hogan and Ranolls terminated their marital relationship before the incident in question.

8. Intervenor-Plaintiff has come forward with competent evidence demonstrating the existence of a marriage. Certainly, the existence of genuine fact issues has been demonstrated.

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Accordingly, the moving parties are not entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). Defendants' and Plaintiff's Motion for Partial Summary Judgment and Defendants' Supplemental Motion for Partial Summary Judgment must fail.

9. Even if the Court indulges every assumption Defendants seek, at most the information creates a jury argument regarding damages and does not destroy a marital relationship. Defendants understandably do not want to present their arguments to a jury and prefer making jury arguments to the Court in their Motion for Partial Summary Judgment and supplement thereto.

10. Hogan incorporates by reference the remaining arguments advanced in her Reply to Plaintiff's Response to Intervenor-Plaintiff's Motion for Leave to File Petition in Intervention and her Response in Opposition to Motion for Partial Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, Intervenor-Plaintiff RHONDA RENEE HOGAN respectfully prays that the Defendants' Supplemental Motion for Partial Summary Judgment, Defendants' Motion for Partial Summary Judgment, and Plaintiff's joinder therein be Denied, and for such further relief to which she is entitled, at law or in equity.

Respectfully submitted,

TERRY BRYANT, PLLC

_____
**Steve Waldman**
SBT No. 20679550
swaldman@terrybryant.com
8584 Katy Freeway, Suite 100
Houston, Texas 77024
(713) 973-8888
(713) 973-1188 (Facsimile)

**ATTORNEY FOR
INTERVENOR-PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Intervenor-Plaintiff's Response in Opposition to Defendants' Supplemental Motion for Partial Summary Judgment, Defendants' Motion for Partial Summary Judgment, and Plaintiff's Joinder therein* has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this the 8th day of Feb., 2016

_____
Steve Waldman